UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM MABIE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 4:12CV2086 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon *pro se* Movant William Mabie's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [ECF No. 1], filed November 5, 2012. The Government filed its Response [ECF No. 16] on February 15, 2013. A Reply was filed by Movant on March 11, 2013. [ECF No. 20].

**I.    BACKGROUND**

A federal grand jury in the Eastern District of Missouri charged William Mabie ("Movant") in a seven-count indictment for making threats. In Count One, Three, Four, Five, Six, and Seven, the Grand Jury charged that Movant did knowingly deposit and cause to be delivered by U.S. Postal Service a written communication containing a true threat to injure the person of another in violation of 18 U.S.C. § 876(c). In Count Two, the Grand Jury charged that Movant did knowingly and willfully transmit in interstate commerce a communication containing a threat to injure the person of another in violation of 18 U.S.C. § 875(c). On July 29, 2009, Movant entered a plea of not guilty to all counts of the indictment. Only Counts One, Two, Three, and Seven of the indictment proceeded to trial. Counts Four, Five, and Six were

dismissed on motion of the United States. During the course of the case, Movant was represented by four different attorneys who withdrew from representation of Movant. On April 22, 2010, Movant, at his own request, was granted leave to proceed *pro se* with Steve Stenger, Movant's fifth attorney, designated as standby counsel. On July 23, 2010, however, the Court granted the Government's Motion to Revoke the Defendant's Self-Representation, finding that Movant had, among other reasons, demonstrated "serious abuse of court empowerment" [ECF No. 259; 4:09-CR-00351].[1]

On August 16, 2010, with Stenger directly representing Movant, trial began. The trial lasted three days, and the Movant testified in his own defense. On August 18, 2010, Movant was found guilty. Judgment was entered on November 10, 2010, and Movant filed Notice of Appeal the following day.

On appeal, Movant argued that: (1) the statute under which he was charged was unconstitutional, (2) his right to self-representation was violated, (3) this Court abused its discretion in quashing subpoenas requested by Movant while acting *pro se*, (4) there was insufficient evidence for a guilty verdict, (5) this Court erred in assessing a two-level obstruction-of-justice enhancement, and (5) Movant's sentence was unreasonable. The Eighth Circuit rejected these arguments and affirmed this Court's decision on December 2, 2011 [ECF No. 374; 4:09-CR-00351].

The following November, less than a year after the conclusion of direct review, Movant filed this Motion arguing that his sentence should be vacated due to: (1) judicial misconduct, (2)

---

[1] For example, on May 7, 2010 – three days before trial was set to commence – Movant demanded that trial subpoenas be issued to over 45 witnesses. After this Court authorized the issuance of numerous subpoenas, Movant sent threatening, abusive, and offensive letters to various persons who were directly or tangentially involved in the case [ECF No. 259; 4:09-CR-00351]. In the letters, Movant bragged about his ability to use the Court's subpoena power to harass potential witnesses and delay court proceedings. Movant also attempted to solicit money in exchange for withdrawing subpoenas. *Id*.

2

prosecutorial misconduct, (3) ineffective assistance of counsel, (4) "lack of mens rea" instruction, and (5) improper sentencing enhancement. This motion was filed in a timely manner as required by 28 U.S.C. § 2244(d)(1)(A). *See Jimenez v. Quarterman*, 555 U.S. 113, 113 (2009) (noting that the one-year limitations period for seeking review under the Antiterrorism and Effective Death Penalty Act of 1996 begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

## II. LEGAL STANDARD

A federal prisoner may seek relief from a sentence on grounds "that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To obtain relief under § 2255, movant must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez,* 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Moreover, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the movant can establish "(1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001).

Similarly, questions or issues previously considered on direct appeal cannot be reconsidered on a motion brought under Section 2255. *Franano v. United States*, 303 F.2d 470,

3

472 (8th Cir. 1962). *See also Callanan v. United States*, 274 F.2d 601, 605 (8th Cir. 1960); *Smith v. United States*, 265 F.2d 14, 16 (5th Cir. 1959) ("issues disposed of on a previous appeal will not be reviewed again" in a Section 2255 proceeding); *Malone v. United States*, 257 F.2d 177, 177-178 (6th Cir. 1958).

If a movant is not procedurally barred from bringing a § 2255 motion, then the court may be obliged to hold an evidentiary hearing to consider the claims made in the petition. 28 U.S.C. § 2255(b). *See also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). However, the petitioner bears the burden of establishing need for an evidentiary hearing. *Slaughter v. United States*, No. 1:12CV00093, 2013 WL 2941887 at *8 (E.D. Mo. June 14, 2013). When determining whether a petitioner requires an evidentiary hearing, the court must take many of the petitioner's factual assertions as true, but the court need not give weight to "conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets." *Id.* (citing *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993)). A hearing is unnecessary when a Section 2255 motion is "inadequate on its face" or is "conclusively refuted as to the alleged facts by the files and the records of the case." *Id.* (citing *McGill*, 11 F.3d at 225-6). S*ee also United States v. Robinson*, 64 F.3d 403, 405 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

### III. DISCUSSION

Movant argues that his sentence should be vacated on the following grounds: (1) "Judicial Misconduct;" (2) "Prosecutor Misconduct;" (3) "Ineffective Counsel;" (4) "Lack of Mens Rea;" and (5) "Improper Sentencing Enhancement." These five grounds are set out in Movant's section 2255 Motion, and are expanded in 24 pages of attachments. Movant's

4

arguments are further supplemented by documents filed on November 13, 2012 [ECF No. 2], November 27, 2012 [ECF No. 4], March 18, 2013 [ECF No. 24], and June 14, 2013 [ECF No. 37]. For the reasons that follow, this Court will deny Movant's section 2255 motion.

### A. Judicial Misconduct

Movant argues that his sentence should be vacated because of judicial misconduct. Movant alleges that the Court: "refused to restore *pro se* even after reason for revocation were [sic] absent;" "appointed proven deficient counsel;" made "slanderous comments;" engaged in "deceit" and "speculation;"and had a "stated bias" [ECF No. 1, at 11-13]. Since Movant failed to raise the issue of judicial misconduct on direct appeal, he is now procedurally barred from doing so. *Anderson*, 25 F.3d at 706. *See also United States v. Samuelson*, 722 F.2d 425, 427 (8th Cir. 1983) and *United States v. Hughes*, 514 F.3d 15, 17 (D.C. Cir. 2008). However, even if the claims were not procedurally barred, the claims would still fail on the merits. For the sake of thoroughness, the Court will now address the merits of Movant's claims.

Movant alleges judicial misconduct and judicial bias. Movant supports this claim by citing Court rulings that disfavored him (*i.e.,* the revocation of Movant's *pro se* status, the appointment of Stenger as counsel, the quashing of subpoenas). [ECF No. 1, at 11-13]. He also refers to Court statements that criticized him (*i.e.,* this Court's statements that Movant "demonstrated serious abuse of court empowerment" and that Movant had "attempted to solicit money in exchange for withdrawing subpoenas.) *Id*. Movant's allegations are confined to judicial proceedings and the rulings that followed. The Supreme Court, however, requires a successful claim of judicial misconduct or judicial bias to stem "from an extrajudicial source and result in an opinion on the merits on some basis *other than what the judge learned from his*

5

*participation in the case." U.S. v. Grinnell Corp.,* 384 U.S. 563, 583 (1966) (emphasis added). *See also Liteky v. United States*, 510 U.S. 540, 555-56 (1994) ("[O]pinions formed by [a] judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."). Here, Movant's claims of judicial misconduct do not stem from an extrajudicial source and are therefore insufficient on their face as well as barred by procedural default. They will, consequently, be denied without an evidentiary hearing.

**B. Prosecutorial Misconduct**

Movant also makes numerous allegations of prosecutorial misconduct. For example, Movant claims that the Government engaged in "deceit," "presented false claims," "concealed evidence," "subborned [sic] perjury," and "intimidated witnesses" [ECF No. 1, at 13-15]. Since Movant did not raise these claims on appeal, Movant is now procedurally barred from doing so. *See e.g., United States v. Sileven,* 112 F.3d 940, 941 (8th Cir. 1997); *United States v. Lefkowitz,* 289 F.Supp.2d 1076, 1085-1086 (D.Minn. 2003); *Holt v. United States,* 303 F.2d 791, 793-794 (8th Cir. 1962) ("The claimed errors presented, if they existed, might properly have been raised on appeal, but such errors are not the subject of [first] consideration in a § 2255 proceeding. It is firmly established that the remedy provided by Title 28 U.S.C.A. § 2255 cannot be used to serve the functions and purposes of an appeal."); *Bright v. United States*, 274 F.2d 696, 698 (8th Cir. 1960); *Link v. United States*, 295 F.2d 259, 260-261 (8th Cir. 1961).

Further, when a prisoner has procedurally defaulted a claim of prosecutorial misconduct, the claim may *only* be raised in a 2255 motion if the prisoner can first demonstrate "cause" for the procedural default and actual "prejudice." *Sileven,* 112 F.3d at 941. *See also Bousley v. United States,* 523 U.S. 614, 622 (1998); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). Here Movant failed to allege "cause" for not raising his claims of prosecutorial misconduct on direct appeal.

However, even if Movant's claims were not procedurally barred, Movant's argument would still fail on the merits. As stated previously, Movant alleges prosecutorial misconduct, claiming that the Government engaged in "deceit," "presented false claims," "concealed evidence," "subborned [sic] perjury," and "intimidated witnesses." [ECF No. 1, at 13-15]. Movant, however, fails to provide a specific factual foundation to support these allegations. He, instead, relies on conclusory statements (*e.g.,* "[Government witness] Reisch told multiple stories," "[Assistant United States Attorney] Ware lied of existence of Reisch complaint," "Reisch not infirmed [sic] 11/10/10 or today"). [ECF No. 1, at 14]. "When determining whether a petitioner requires an evidentiary hearing, the court must take many of the petitioner's factual assertions as true, but the court need not give weight to 'conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets'." *Slaughter*, 2013 WL 2941887 at *8 (quoting *McGill*, 11 F.3d at 225). *See also Winters v. United States,* 716 F.3d 1098, 1103 (8th Cir. 2013); *Koskela v. United States*, 235 F.3d 1148, 1149 (8th Cir. 2001). Since Movant's allegations of prosecutorial misconduct lack a factual basis and are instead mere conclusory assertions, an evidentiary hearing is unnecessary.

7

### C. Ineffective Assistance of Counsel

Movant argues ineffective assistance of counsel since his counsel "changed theory of defense without consultation," "did not speak to any of dozens of available eye witnesses;" and "did not obtain any documents, phone logs, or tangible items," [ECF No. 1, at 15-16]. In order to succeed on his claims of ineffective assistance of counsel, Movant must satisfy the two-part standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). This test requires proof that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687, 694. *See also United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006).

The first prong requires a showing that counsel's performance was deficient, measured by an objective standard of reasonableness "in light of professional norms prevailing when the representation took place." *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010) (internal citations omitted). *See also Bobby v. Van Hook*, 130 S.Ct. 13, 16 (2009) (per curiam). The court's review of counsel's representation is a "highly deferential" one, in which a counsel's performance is presumed to fall "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. *See also Michel v. Louisiana*, 350 U.S. 91, 101 (1955). The court must further evaluate a counsel's performance without "second-guess[ing] strategic decisions or exploit[ing] the benefits of hindsight." *Payne v. United States*, 78 F.3d 343, 345 (8th Cir. 1996).

The second prong of the *Strickland* test requires the Movant to demonstrate that any deficiencies in the counsel's performance were prejudicial to the defense. *Horitz v. Missouri*,

8

No. 4:05CV01763, 2009 WL 322237 at *6 (E.D. Mo. Feb. 9, 2009). In other words, a movant must show that there is a reasonable probability that, absent the attorney's errors, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 691. A "reasonable probability" is less than a preponderance of the evidence but greater than just a possibility; it is "a probability sufficient to undermine confidence in the outcome." *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008) (internal quotations and citations omitted). *See also Odem v. Hopkins*, 382 F.3d 846, 591 (8th Cir. 2004) ("It is not sufficient for a defendant to show that the error has some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines that reliability of the outcome of the proceeding.") (internal citations omitted); *Allen v. United States*, No. 4:07CV00027, 2011 WL 1770929 at *3 (E.D. Mo May 10, 2011).

As stated earlier, Movant alleges ineffective assistance of counsel since his counsel "changed theory of defense without consultation." [ECF No. 1, at 15-16]. Movant supports this allegation by stating "STENGER...did not present a defense much less 'total context.' Did not review questions necessary to present accurate portrayal of events or even read the hundreds of questions prepared by defendant." *Id.*

An attorney undoubtedly has a duty to consult with the client regarding "important decisions." *Strickland*, 466 U.S. at 688. That obligation, however, does not require counsel to obtain the defendant's consent to "every tactical decision." *Taylor v. Illinois*, 484 U.S. 400, 417-418 (1988) (an attorney has authority to manage most aspects of the defense without obtaining his client's approval). In fact, a counsel's decision to abide by the wishes of his client *rather than* the dictates of professional judgment may be a basis for incompetence in itself. *See*

9

*e.g., Thomas v. Wyrick,* 535 F.2d 407, 413 (8th Cir. 1976) ("The failure of an attorney to exercise his professional judgment on behalf of his client is itself a serious breach of the lawyer's duty"); *McGill*, 11 F.3d at 227 ("[C]ounsel's decision not to abide by the wishes of his client has no necessary bearing on the question of professional competence; indeed, in some instances, listening to the client rather than to [one's own] professional judgment may itself constitute incompetence."); *Bell v. Georgia*, 554 F.2d 1360, 1361 (5th Cir. 1977).

In this instance, the Court finds Stenger's decision to "change theories of defense without consultation" reasonable, considering the circumstances. For example, in this Court's Order to Revoke the Movant's *pro se* Status, this Court concluded that Movant was "intent on pursuing theories that will consistently be disallowed." [ECF No. 259; 4:09-CR-00351]. Consequently, Stenger's decision to change theories of defense was "competent," since Movant's previous theories would likely have been consistently disallowed by the court. *See Strickland*, 466 U.S. at 687.

Movant also alleges ineffective assistance of counsel since counsel "did not speak to any dozen of available eye witnesses" [ECF No. 1, at 16], and "did not obtain any documents, phone logs, or tangible items." *Id*. Movant claims that these "failures" demonstrate Stenger's "failure to investigate." *Id.*

A defense counsel, to effectively represent his client, must know when "to make reasonable investigations" and when "to make [the] reasonable decision that…a particular investigation [is] unnecessary." *Strickland*, 466 U.S. at 689. *See also Cullen v. Pinholster*, 131 S.Ct. 1388, 1407-1408 (U.S. 2011) ("There comes a point where a defense attorney will reasonably decide that another strategy is in order, thus making particular investigations

10

unnecessary."). The reasonableness of a decision to investigate is substantially influenced by information supplied by the defendant. *See Strickland*, 466 U.S. at 689 ("When a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable."). Additionally, in all cases, "a particular decision not to investigate must be directly assessed for reasonableness…applying a heavy measure of deference to counsel's judgments." *Id.*

In light of the circumstances, this Court finds counsel's decision not to investigate certain witnesses and certain documents reasonable. When acting *pro se* Movant sought to subpoena over forty five witnesses. [ECF No. 259; 4:09-CR-00351]. He later openly boasted of using the Court's subpoena power for the vexatious purposes of harassing victims and their families, and prolonging and increasing the expense of litigation. *Id.* In revoking Movant's *pro se* status, this Court found that Movant was clearly "interested in harassing, intimidating, inconveniencing, and humiliating potential witnesses, rather than gathering legally relevant information." *Id.* The Court further stated that "[d]efendant has made various statements which suggest that, at trial, he intends to inquire of witnesses concerning issues which arose in two prior criminal prosecutions against him, lines of inquiry which would involve mini trials irrelevant to the issues in this case." *Id.*

As a result, Stenger's decision not speak to a number of Movant's proposed eye witnesses falls "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.[2]

---

[2] The Court further notes that Stenger, on the first day of trial, acknowledged his decision to pursue only certain documents and certain witnesses, saying, in part:
"Many of the requests that [Movant] has made of me have been requests that I do not feel

11

The Court finds that Movant has not demonstrated that Stenger's performance was deficient "in light of professional norms prevailing when the representation took place." *Sinisterra*, 600 F.3d at 906. Since Movant has not met the first prong of the *Strickland* test, the Court need not consider the second prong. Movant's allegations of ineffective assistance of counsel will therefore be denied without an evidentiary hearing.

**D. Lack of Mens Rea**

Movant also argues that his sentence should be vacated because of "Lack of Mens Rea" [ECF No. 1, at 8]. Since Movant failed to raise the issue of "lack of mens rea" on direct appeal, he is now procedurally barred from doing so. *Anderson*, 25 F.3d at 706. *See also Samuelson*, 722 F.2d at 427 and *Hughes*, 514 F.3d at 17. However, even if the claims were not procedurally barred, Movant's claims would still fail on the merits.

Movant attempts to support his claim by stating "no mens rea instruction, no mens rea proven, always a factor." [ECF No. 1, at 8]. He later adds, "Webber's unbelievable decision to exclude MENS REA instruction, absolutely counter to reality" [ECF No. 1, at 30]. Movant, however, fails to provide a cognizable factual basis for these allegation. Especially, upon review of the jury instructions offered at trial, the Court finds that a description of the required mental state for both the crime of mailing threatening communications and the crime of interstate

---

would be in his best interest. It has included the calling of certain witnesses, the obtaining of certain evidence. And I have had an investigator working on the witness list. There will be some of his witnesses that may be called. Some of the witnesses that he has mentioned may not be called. In all cases it would be a matter of trial strategy as to who we would call and who we would not call, whether those witnesses were helpful to Mr. Mabie or harmful to Mr. Mabie by their testimony. So I am very cognizant of the things that he has requested of me, and I have done all of those things that have been in his best interest and that would fulfill my duties as counsel."
[ECF No. 312; 4:09-CR-00351].

12

transmission of a threat to injure was given. [[ECF No. 314, at 99-101; 4:09-CR-00351]. Thus, Movant's assertions are mere "conclusory allegations," for which an evidentiary hearing is unnecessary. *McGill*, 11 F.3d at 225. *See also Williams v. Taylor*, 529 U.S. 420, 430 (2000) (holding that prisoners who have "failed to develop the factual basis of a claim" cannot be granted an evidentiary hearing).

### E. Improper Sentencing Enhancement

Movant fifth and final reason for why his sentence should be vacated is "Improper Sentencing Enhancement." [ECF No. 1, at 19]. This issue, however, was already raised on direct appeal. Movant alleged, on appeal, that he was improperly assessed a two-point sentencing enhancement for obstruction of justice. He contends that the district court erred in finding that he willingly gave false testimony at trial. After a *de novo* review, the Court of Appeals declared "we cannot find that the district court clearly erred in assessing an obstruction-of-justice enhancement on each of [Mabie's] four counts." [ECF No. 374; 4:09-CR-00351]. In it's opinion, the Court of Appeals further stated that there was "ample proof that Mabie made his communications for reasons other than those he declared at trial." *Id.* As stated in *Franano*, issues previously considered on direct appeal cannot be reconsidered on a motion brought under Section 2255. 303 F.2d at 472.

The Movant's claim of "Improper Sentencing Enhancement" is thus barred by procedural default. It will therefore be denied without an evidentiary hearing.

## IV. CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as required before a certificate of appealability can be issued. *See Cox v.*

13

*Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

V. CONCLUSION

The Motion, files, and records in this case do not support Movant's claims of judicial misconduct, prosecutorial misconduct, ineffective assistance of counsel, lack of mens rea, or improper sentencing enhancement. As a result, an evidentiary hearing is not required.

Accordingly,

**IT IS HEREBY ORDERED** that *pro se* Movant William Mabie's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [ECF No. 1] is **DENIED**. All Counts of Movant's Motion are **DISMISSED**, **with prejudice**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's Motion.

**IT IS FURTHER ORDERED** that *pro se* Movant's Motion for Leave to Proceed in forma pauperis [ECF No. 6] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that *pro se* Movant's Motion for recusal [ECF No. 7] is **DENIED.**

**IT IS FURTHER ORDERED** that *pro se* Movant's Motion for release of documents, evidence and materials [ECF No. 8] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that *pro se* Movant's Motion for Sanctions [ECF No. 18] is **DENIED**.

**IT IS FURTHER ORDERED** that *pro se* Movant's Motion for Summary Judgment [ECF No. 19] is **DENIED**.

**IT IS FURTHER ORDERED** that *pro se* Movant's Motion for Disclosure [ECF No. 23] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that *pro se* Movant's Motion to Unseal Documents and Release Transcripts [ECF No. 39] is **DENIED**.

Dated this 26th Day of July, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE